**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARIO T. EVANS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Case No. 25-cv-546-SMY |
| | ) |
| WARDEN D. SPROUL, | ) |
| | ) |
| Respondent. | ) |

## ORDER

**YANDLE, District Judge:**

Petitioner Mario T. Evans, currently incarcerated at the FCI Marion Satellite Camp, filed the instant action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his conviction and sentence (Doc. 1). Evans was granted leave to add a claim challenging the refusal to consider him for placement in a halfway house (Doc. 7).

Following a jury trial, Evans was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). *United States v. Evans*, No. 1:13-cr-90-SNLJ-1 (E.D. Mo.). He was sentenced to 221 months in prison; his conviction and sentence were affirmed on appeal. *United States v. Evans*, No. 15-1827, 830 F.3d 761 (8th Cir. 2016). Evans filed a habeas petition pursuant to 28 U.S.C. § 2255, which was denied on the merits in June 2018. *Evans v. United States*, No. 17-cr-221 (SNLJ), 2018 WL 3008296, at *1 (E.D. Mo. June 15, 2018). Evans filed a successive habeas action in 2022, which was denied and dismissed for failure to seek authorization from the Eighth Circuit Court of Appeals. *Evans v. United States*, No. 1:22-CV-00071-SNLJ, 2022 WL 3226208, at *1 (E.D. Mo. Aug. 10, 2022).

Pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration by the district judge, "[i]f it plainly appears from

the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes district courts to apply the Rules to other habeas corpus cases. After reviewing the Petition, the undersigned concludes that this case is subject to dismissal.

Evans challenges the use of the Armed Career Criminal Act to enhance his sentence and claims his detention is unlawful. Petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be employed to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Consequently, aside from the direct appeal process, a prisoner who has been convicted in federal court is limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Jones v. Hendrix,* 143 S.Ct. 1857, 1868-69 (2023) (*abrogating In re Davenport*, 147 F.3d 605 (7th Cir. 1998). In other words, Evans may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Jones,* 143 S.Ct. at 1868.

Evans also challenges the failure to consider him for placement in a halfway house. Requests for quantum change in the level of custody, such as outright freedom, probation, etc., should be brought as habeas corpus actions, while requests for a change in the circumstances of confinement, such as "a different program or location or environment" are to be pursued as civil rights actions. *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).

Here, Evans requests that this Court direct Respondent to evaluate him for halfway house placement or home confinement. This is akin to requests for work release, transfer between prisons, or changes in housing quarters that have been held to constitute civil rights actions as opposed to habeas corpus proceedings. *Pischke v. Litscher*, 178 F.3d 497,499 (7th Cir. 1999);

*Falcon v. U.S. BOP*, 52 F.3d 137, 138 (7th Cir. 1995); *Adams v. Beldsoe*, 173 Fed.Appx. 483, 484 (7th Cir. 2006).  Thus, Evans has not invoked the proper vehicle for relief.

Accordingly, Evans' Petition for habeas relief under 28 U.S.C. § 2241 (Docs. 1, 7) is **DENIED** and this case is **DISMISSED with prejudice**.  Evans' Motion to Expedite Ruling (Doc. 9) is **TERMINATED as MOOT**.  The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  July 15, 2025**

**STACI M. YANDLE**
**United States District Judge**